# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Michael C. Taylor, Jr., | CASE NO. 3:17 CV 1448 |
| Petitioner, | JUDGE PATRICIA A. GAUGHAN |
| vs. | |
| Jeffrey B. Noble, Warden | Memorandum of Opinion and Order |
| Respondent. | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Thomas Parker (Doc. 12) which recommends denial of the Petition for Writ of Habeas Corpus pending before the Court. Petitioner filed objections to the recommendation.[1] For the following reasons, the Report and Recommendation is ACCEPTED.

**Standard of Review**

---

[1] Although petitioner initially attempted to appeal the Report and Recommendation to the United States Court of Appeals for the Sixth Circuit, that court dismissed the appeal as improperly taken. Petitioner also filed objections (Doc. 14) which the Court notes are untimely, but will be considered.

1

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

Petitioner is incarcerated following his convictions by a jury of two counts of aggravated murder, each with firearms specifications. The Petition for Writ of Habeas Corpus asserts three grounds for relief. The Magistrate Judge concluded, after thorough discussion, that Ground One is procedurally defaulted and, alternatively, fails on the merits; Ground Two is procedurally defaulted and, alternatively, non-cognizable; and Ground Three is procedurally defaulted and, alternatively, non-cognizable and fails on the merits. Although petitioner filed objections, the objections mainly argue that petitioner is factually innocent and seem to concede that the claims are procedurally defaulted given the untimely attempt to file a direct appeal to the Ohio Supreme Court. For the following reasons, the Court accepts the recommendation.

Upon review, the state appellate court rejected petitioner's two assignments of error. The court found petitioner's convictions for the aggravated murders of Montelle Taylor (petitioner's son) and Christian Snow-Veley as not against the manifest weight of the evidence. The court also concluded that, because there was independent proof of a conspiracy to murder Montelle, the trial court did not err in admitting the testimony of a witness who related what Snow-Veley had told her. Petitioner did not file a timely appeal to the Ohio Supreme Court.

Ground One of the Petition alleges a Sixth Amendment Confrontation Clause violation based on the claim that the trial court improperly admitted hearsay testimony. But, petitioner fails to challenge the Magistrate Judge's conclusion that he defaulted this claim by not fairly presenting it to the Ohio Supreme Court. Moreover, the Magistrate Judge correctly concluded that Snow-Veley's statements were non-testimonial and, therefore, the Confrontation Clause was not violated. And, even if they were deemed to be testimonial, other independent evidence showed that petitioner killed Snow-Veley and, thus, petitioner could not invoke the Sixth Amendment.

Ground Two of the Petition alleges that the Ohio court of appeals decision was unreasonable and against clearly established federal law when it affirmed the trial court's conclusion that the hearsay testimony was admissible because of the existence of a conspiracy. Again, petitioner has not demonstrated that his claim was not procedurally defaulted for failure to present it to the Ohio Supreme Court. Furthermore, the Court agrees with the Magistrate Judge that the claim is not cognizable because it only alleges errors of state law.

Ground Three of the Petition alleges that petitioner's murder convictions were against the manifest weight of the evidence. As with the other grounds, petitioner defaulted this claim by failing to present it to the Ohio Supreme Court. Additionally, being a state law argument, this claim is not cognizable on habeas review. Finally, even analyzing whether the state appellate court reasonably concluded that the trial evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that petitioner committed the essential elements of the two aggravated murders with firearms specifications, the Court agrees with the Magistrate

Judge that the state courts reasonably determined such.

For these reasons, and those set forth by the Magistrate Judge in his Report and Recommendation which is incorporated herein, petitioner is not entitled to habeas relief. Moreover, the Court accepts the recommendation that no certificate of appealability should be issued.

**Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 9/18/19